# FRANCIS M. QUIVEY v. NORMAN S. PORTER.

COLLATERAL ATTACK OF JUDGMENT FOR WANT OF JURISDICTION OF THE PERSON OF DEFENDANT.—On a collateral attack of a judgment rendered by a Court of record for want of jurisdiction of the person of the defendant; *Held*, first, that in ascertaining whether a want of jurisdiction appears, the whole record, which consists exclusively of the judgment roll, must be consulted; and second, that in case of service of summons by publication, neither the affidavit nor the order for its publication form a part of the judgment roll.

IDEM.—Where, in an action brought in the District Court by Q. against Joseph S. Ruckle, the return made by the Sheriff of service of the summons showed only that *George S. Ruckle* had been served, while the judgment recited that *Joseph S. Ruckle* had been duly served with process, etc.; *Held*, that said recital in the judgment is not contradicted or overcome by said return of the Sheriff, and that such judgment is not liable to a collateral attack for want of jurisdiction of the person of the defendant.

IDEM—AFFIDAVIT OF PUBLICATION OF SUMMONS.—Where the affidavit of the publication of a summons, made by one who therein styles himself "the proprietor" of the newspaper in which the publication was made, instead of "the printer," as required by the Practice Act; *Held*, that the terms "printer" and "proprietor" are, in the sense of the statute, synonymous.

JUDGMENTS OF COURTS OF RECORD.—*Hahn* v. *Kelly*, 34 Cal. 391, is affirmed.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

This was an action of ejectment for a tract of land in the City of San José, designated on the official map of said city as Lot Number Seven, in Block Two, in Range Three North, of the base line.

From the record it appeared that on the 16th day of July, 1847, John Burton, Alcalde of San José, made a grant of said lot and another (Number Six) to Joseph S. Ruckle. That on the 15th day of June, 1850, said Ruckle executed and delivered to Peter Quivey a mortgage of said lot, among others, to secure the payment of a debt specified therein. By a mistake of the person who drew the mortgage, said lot was described as Lot *Seven, in Block Three, in Range Two North.* That Joseph S. Ruckle failed to pay the debt secured by the mortgage, and Peter Quivey procured to be entered a judgment foreclosing the same, in the Third District Court in and for Santa Clara County, which is the judgment mentioned in the opinion of the Court. Upon this judgment an order of sale was issued, and said premises were sold by the Sheriff to Peter Quivey, and a conveyance made to him by said Sheriff. The judgment, decree of foreclosure, order of sale, and Sheriff's deed, all follow the incorrect description contained in the mortgage. That among the files of the Court in said foreclosure suit, there appeared a summons issued therein, which was returned served upon "George S. Ruckle" by the Sheriff of San Francisco. That on the 11th day of October, 1851, for a valuable consideration, Peter Quivey conveyed said lot as described in said judgment and Sheriff's deed to L. C. Ward, and thereafter, through divers mesne conveyances, Morris Wise succeeded to the title so acquired by Ward. That on the 17th of January, 1863, Morris Wise, while he held said title, obtained a decree in a cause prosecuted by him against Joseph S. Ruckle *et als.*, in said Third District Court, adjudging that the said Wise was

the owner of said Lot Seven, and directing a conveyance by a Commissioner of the Court to Wise of all the right, title, and interest held by Ruckle in said lot on the 15th day of June, 1850, the date of said mortgage. In pursuance of that decree, James A. Clayton, as a Commissioner of the Court, made a conveyance to Wise of all the interest held by Ruckle, at the date of the execution of said mortgage, in Lot Seven. That the service made of the summons in this case upon Joseph S. Ruckle was by publication in the San José *Tribune*. The affidavit of the plaintiff Wise, upon which the order for said publication was made, was defective in substance. The affidavit of the fact of publication of the summons, as prescribed in said order, was made by George O'Doherty, who stated in his affidavit "that he is the proprietor of the San José *Tribune*, a newspaper published in the City of San José," etc. The only recital contained in the judgment rendered in this cause of the service of summons on Joseph S. Ruckle, was: "And due proof being made that said summons has been duly served on said defendant, Joseph S. Ruckle, by the publication thereof during the period of time prescribed by law," etc.

Subsequent to said judgment Morris Wise conveyed said lot to defendant Porter. The plaintiff deraigned title to the demanded premises under a conveyance thereof executed March 13th, 1865, by Joseph S. Ruckle.

Upon the foregoing facts the defendant set up an equitable defense to the present action. At the trial in the Court below, which was without a jury, the judgment rolls in said foreclosure suit and in the action by *Morris Wise* v. *Joseph S. Ruckle et als.* were offered in evidence by the defendant, and, upon divers objections made thereto by the plaintiff—among others that said judgments were void for want of jurisdiction of the person of the defendant, Joseph S. Ruckle —were rejected by the Court, and the defendant duly excepted. The Court dismissed said equitable defense, and rendered judgment for the plaintiff. The defendant appealed

from° the judgment and from an order denying his motion for a new trial.

The other facts are stated in the opinion of the Court.

[NOTE.—In the Court below this action and that by *Francis M. Quivey* v. *Edey Baker*, defendant, Delos Cole, intervenor, (reported *post*,) were tried together. The following decision of this cause on appeal was rendered at the October Term, 1867, but was stayed on a petition for rehearing until the present term.—REP.]

*S. O. Houghton, L. Archer,* and *John W. Dwinelle,* for Appellants.

[The points made by counsel for appellant which were pertinent to the questions decided are sufficiently stated in the opinion of the Court.]

*William Matthews,* for Respondent.

The basis of the equitable defense of defendant was the alleged judgment in the case of *Peter Quivey* v. *Joseph S. Ruckle.* The judgment in that case was void. Joseph S. Ruckle was the person sued, and George S. Ruckle was served with process. The want of jurisdiction appearing affirmatively on the record, the pretended judgment was a nullity. (*McMinn* v. *Whelan,* 27 Cal. 314; *Forbes* v. *Hyde,* 31 Cal. 342; *Chapin* v. *Thompson,* 20 Cal. 682; *Starbuck* v. *Murray,* 5 Wend. 158; *Hall* v. *Williams,* 5 Pick. 232; *Morgan's Executors* v. *Morgan,* 2 Bibb, 388; *Moss* v. *Moss,* 4 H. & M., Va., 293; *Pitman & Gwin* v. *Planter's Bank,* 1 How., Miss., 530; *Edwards* v. *Toomer,* 14 S. & M. 80; *Farnham* v. *Hildreth,* 32 Barb. 277; *Cole* v. *Hindson,* 6 T. R. 235; *Shadget* v. *Clipson,* 8 East. 328; *Delaney* v. *Cannon,* 10 East. 327; *Branham et al.* v. *City of San José,* 24 Cal. 585.) But, if the judgment be valid, then it cannot serve the defendant. The proceedings were to foreclose a mortgage on other and different lands from those in controversy here. The lot in question

in this case is not mentioned in the judgment roll or Sheriff's deed. (*Gray* v. *Brignardello*, 1 Wallace, 636; *Minnesota Co.* v. *St. Paul Co.* 2 Wallace, 609; *Donahue* v. *McNulty, ubi supra;* *Thatcher* v. *Powell*, Cond. U. S. S. C., 32; *Shriver's Lessee* v. *Lynn*, 2 How. U. S. 53; *Jackson* v. *Striken*, 1 Johns. Cases, 288.)

The decree to quiet title in *Wise* v. *Ruckle et als.* is of no validity, because: first, the affidavit on which the order of publication was made set forth no cause of action; and second, the affidavit by which the publication was proved was not made by "the printer, or his foreman, or principal clerk," but by a person who styles himself "proprietor." (*Braley* v. *Seaman*, 30 Cal. 614; *Forbes* v. *Hyde*, 31 Cal. 342; *Ricketson* v. *Richardson*, 26 Cal. 153; *Stienbach* v. *Leese*, 27 Cal. 298; *Jordan* v. *Giblin*, 12 Cal. 100; *Thatcher* v. *Powell, ubi supra;* *Shriver's Leesee* v. *Lynn, ubi supra;* *Hardeman* v. *Harris*, 14 How. 337; *Boswell's Lessee* v. *Otis*, 9 How. 350; *Williamson* v. *Berry*, 8 How. 495; *Webster* v. *Reid*, 11 How. 456; *Elliott* v. *Piersol*, 1 Peters, 340; *McClung* v. *Ross*, 5 Wheat. 116; 4 Conn. 603; *Walker* v. *Turner*, 9 Wheat. 541; 5 C. R. 668.)


By the Court, SANDERSON, J.:

In *Hahn* v. *Kelly*, 34 Cal. 391, we had occasion to discuss at some length the principal questions involved in this case. Under the rule in that case the Court below was in error in holding the judgment in *Peter Quivey* v. *Joseph S. Ruckle* to be null and void for the want of jurisdiction over the person of the defendant. The general rule upon this subject, as stated in *Hahn* v. *Kelly*, is that the jurisdiction of Superior Courts, in cases which come before the Court collaterally, will be conclusively presumed, unless a want of jurisdiction appears upon the face of the record when offered in evidence. What is meant by "a want of jurisdiction appearing upon the face of the record" is fully considered and explained by us in that case. We there held in substance that in ascertaining whether a want of jurisdiction appears the whole

record must be consulted, and by way of illustration we supposed a case almost identical with the present. We said: "Suppose that part of the judgment roll, denominated the proof of service, shows that service was made upon the son of the defendant, and the remainder of the roll says nothing about service. We then have a want of jurisdiction appearing upon the face of the record. But suppose the judgment states that the defendant appeared, or that personal service was made upon him, or something else which is equivalent, as it frequently does, the opposite result follows, for the record cannot lie, and it appears that the father as well as the son has been served, which may well have been the case. The record in such a case does not blow hot and cold, as might be supposed; on the contrary, both acts may have been done. On presentation of the return of service upon the son, the Court may have declared it no service, and service upon the father may have been subsequently made, and the wrong return may have found its way into the judgment roll. To hold thus would be consistent with the record, while to hold otherwise would be to contradict the judgment."

Apply the foregoing language to the record in *Peter Quivey* v. *Joseph S. Ruckle.* The proof of service, or the return of the Sheriff, shows that the summons was served on George S. Ruckle. This was no service on Joseph S. Ruckle; and were the remainder of the record silent upon that question, there would be a want of jurisdiction apparent upon the face of the record under the rule in *Hahn* v. *Kelly.* But the remainder of the record is not silent. The judgment shows that service was made upon Joseph S. Ruckle, and this statement of the Court is not contradicted or overcome by the statement of the Sheriff; on the contrary, both may be true, and in view of the fundamental rule that the record of a Court of superior jurisdiction imports absolute verity, we are bound to so regard them.

The language of the judgment is as follows: "In this case comes the plaintiff, by his attorney, and the defendant still

failing to appear and answer the action, and it appearing to the satisfaction of the Court, upon the testimony of John H. Moore, that the said Joseph S. Ruckle is a resident of this Santa Clara County, and that he has been duly served with process," etc. Whether we understand the Court as saying that the facts of residence and service were both proved by the testimony of Moore, or that only the former was so proved, as claimed by the learned counsel for the respondent, does not affect the result. Under the latter reading there would be a distinct statement that the defendant was served, unaccompanied by any statement as to the mode of proof, which would bring the case clearly within the rule already stated. Under the former reading, the only question which could be made would be as to the mode of proof, and not as to the fact of service, and which, at best, amounts to nothing more than an irregularity, for it is the fact of service which confers jurisdiction, and not the evidence of that fact.

The Court below also erred in excluding the record in *Wise* v. *Ruckle et al.* In determining the question whether the Court, in that case, obtained jurisdiction over the person of Ruckle, we cannot look to the affidavit of Wise for a publication of summons, nor to the order of the Court directing publication to be made. (*Hahn* v. *Kelly, supra.*) In that connection (assuming that the judgment is silent upon the question of service) the only paper to which we can look is the affidavit of O'Doherty as to the fact of publication. The only objection to that is that O'Doherty calls himself "the proprietor" of the newspaper instead of "the printer," which last is the language of the statute. There is nothing in the objection. In our judgment the two, in the sense of the statute, are synonymous.

New trial granted.

Mr. Justice SHAFTER and Mr. Justice RHODES expressed no opinion.