### WHALEN CONSOL. COPPER MIN. CO. v. WHALEN et al.

#### (Circuit Court, D. Nevada. January 4, 1904.)

#### No. 753.

1. MINING CLAIMS—ASSESSMENT WORK—PERFORMANCE—BURDEN OF PROOF.

   Where defendant claimed a forfeiture of mining claims for failure of plaintiff to do assessment work required by Rev. St. § 2324 [U. S. Comp. St. 1901, p. 1426], the burden of proof is on defendant.

2. SAME—PRIMA FACIE CASE.

   On an issue as to performance of annual assessment work on certain mining claims for the year 1901, it appeared that the property was in litigation between the parties in that year in another state; that a receiver was appointed, and that, at complainant's request, an order was made authorizing him to borrow $1,500 for the purpose of preserving the property and performing the annual assessment work thereon for that year; that the money was obtained and expended for that purpose, the receiver's report presented to the court, showing the performance of the work required by law, and an order made approving the report. *Held*, that such proof, of itself, was sufficient to establish prima facie that the work was performed.

3. SAME—PAYMENT OF MONEY.

   On an issue as to the performance of necessary assessment work on mining claims, evidence of the amount of money paid for work done, though not conclusive, is admissible as bearing on the claimant's good faith.

4. SAME—EVIDENCE.

   Where a defendant claimed a forfeiture of mining claims for failure of plaintiff to perform assessment work required by Rev. St. § 2324 [U. S. Comp. St. 1901, p. 1426], evidence reviewed, and *held* insufficient to establish that the work, labor, and expenses incurred were not reasonably worth the amount required to constitute a compliance of the statute.

Cheney, Massey & Smith, for complainant.
Alfred Chartz, for defendant.

HAWLEY, District Judge (orally). There is but one question to be determined in this case: Did complainant perform the annual assessment work on the 11 mining claims involved in this suit for the year 1901, as required by the United States statute (Rev. St. § 2324 [U. S. Comp. St. 1901, p. 1426])? The burden of proof to establish a forfeiture of the mines by failure to do the work is upon the

¶ 1. See Mines and Minerals, vol. 34, Cent. Dig. § 101.

defendant. The proofs offered by him consist of measurements of the work done by complainant, and the opinions of witnesses as to the amount of days' labor necessary to do the work, and as to how many tons of earth, rock, and ore, or number of feet, could be removed by one man per day. And the conclusions reached by the witnesses on these points were that the cost of such labor and expenses would not exceed $500. On the other hand, it appears from the testimony on behalf of the complainant that in 1901 the property herein involved was in litigation in the circuit court of Cook county, Ill., the defendant here being the complainant in that suit, and the complainant here, with others, being the defendants; that a receiver was appointed by that court to take possession of the property herein involved; that, at the request of the complainant (defendant in that suit), an order was made, pending the proceedings therein, authorizing and directing the receiver to borrow $1,500 for the purpose of preserving the property herein involved, by performing the annual assessment work thereon for the year 1901; that this money was obtained by the receiver, and expended for that purpose; that his report was presented to the court, and, it appearing to the satisfaction of the court that the annual assessment work had been done as required by law, the court made an order approving the report of the receiver. This action of the circuit court of Illinois, of itself, makes out a prima facie case in favor of the complainant. In addition thereto, witnesses were introduced on behalf of complainant—among others, the foreman who had charge and direction of the work—as to the amount of work performed, the number of men employed, the time they worked, the amount of work done, and the places on each claim where the labor was performed. The foreman testified that, with but two exceptions, the men employed were skilled miners, and performed faithful labor. The witnesses on behalf of complainant also gave their opinions as to the quantity of rock, earth, and ore that could be removed by one man per day. They differed materially on this point from the witnesses on behalf of defendants. The amount of work performed by a laborer at a mine in good working order, with a full supply of tools and necessary machinery, at best, furnishes a poor criterion to be applied in a case like the present, where the mines had lain idle, and all the necessary facilities for working did not exist. The complainant cannot be held down to the amount of money actually paid to the laborers at the mine. The man sent from Chicago by the receiver was certainly entitled, under the circumstances, to his expenses. The work was done under the direction of the Chicago court. The laborers received but $3.50 per day, which was a reasonable sum. They were paid for one day and a half in going from Eureka to the mines, which, under the facts of this case, was proper. The foreman received $5 per day, which was not unreasonable. The expenses paid for tools, freight, and hauling to the mines must also be allowed. Conceding that the amount paid Downing was not a proper charge, and deducting it from the amount, the testimony shows that over $1,100 was paid on account of the annual assessment work. After the work was done, the complainant complied with the statute of Nevada (St. 1887, p. 136, c. 143) by filing affidavits of the amount

of labor performed on each claim. It is true that the amount of money paid is not the only method of establishing the fact that the annual assessment work, as required by law, had been fully performed, but it is certainly an important factor in that direction. It is always admissible in evidence, and tends directly to show the good faith of the party. And in this connection, as to the good or bad faith of the parties, it is proper to state that the defendant, prior to the relocation of the mines by him, had full knowledge of the orders made by the circuit court of Cook county, Ill., and also of all the conditions and surroundings at the mines, and of the labor performed thereon by complainant. From a careful consideration of the evidence, it is clear to my mind that the defendant has failed to establish by a preponderance of the testimony that the work, labor, and expenses incurred were not reasonably worth the sum of $1,100. The testimony offered by the complainant does establish to my satisfaction that the work, labor, and expenses incurred were reasonably worth the sum of at least $1,100.

Applying to the evidence the principles of law as announced by this court in Book v. Justice M. Co., 58 Fed. 106, 117, 128, and in McCulloch v. Murphy, 125 Fed. 147, and by the Circuit Court of Appeals for this circuit in Walton v. Wild Goose M. Co., 123 Fed. 209, 218, and taking into consideration the situation and condition of the several mining claims, and all the surroundings under which the labor was performed, my conclusion is that the complainant is entitled to a decree as prayed for.