JUALPA CO. v. THORNDYKE et al.

(First Division. Juneau. September 6, 1910.)

No. 614A.

1. EQUITY (§ 53*)—PLEADINGS—REMEDY AT LAW—WAIVER OF OBJECTION.

Where both parties have drawn their pleadings on the theory that the cause is in equity, without objection by demurrer or otherwise until after trial, in a cause where the court has jurisdiction, the court will retain its equity jurisdiction and enter decree. The objection that the plaintiff has a complete and adequate remedy at law, even if well founded, comes too late. An objection of this kind should have been on demurrer, or at least should have been specially relied upon in the answer and not raised for the first time at the hearing upon pleadings which suggest no such ground of defense.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 173–176; Dec. Dig. § 53.*]

2. MINES AND MINERALS (§ 38*)—EJECTMENT—QUIETING TITLE.

A locator who has complied with the law in the matter of discovery, location, maintaining the marking and staking of his claim, and performing a sufficient amount of labor each year thereon, has such an actual possession as will enable him to maintain a suit of this character, against a rival mining claimant, where the mineral character of the ground is conceded.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 87½–113; Dec. Dig. § 38.*]

3. MINES AND MINERALS (§ 19*)—LOCATION NOTICE.

A location notice which states that the claim is situate in Silver Bow basin, Harris mining district, district of Alaska, that it is situated on Gold Mountain, above the southeast end of Silver Bow basin, is bounded on the northeast and northwest by unknown claims and on the southwest by the Lady Corson

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

and Bess lodes, and on the southeast by the Solo No. 1 lode, is sufficient to describe the location with reference to permanent monuments and natural objects.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 37–39; Dec. Dig. § 19.*]

4. MINES AND MINERALS (§ 19*)—LOCATION NOTICE.

A location notice is not so defective as to justify a forfeiture of the claim merely because it does not state the date of the location, when it was recorded long before the defendants attempted to relocate the same claim.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 37–39; Dec. Dig. § 19.*]

This is a suit involving the title to two lode mining claims in the Silver Bow basin, near Juneau, Alaska.

The plaintiff, by its amended complaint, alleges discovery and location by its grantor in September, 1903, of these two claims as the Solo Lode mining claim and the Solo No. 1 lode mining claim. Plaintiff further alleges the recording of location notices with the recorder at Juneau within the time required by law, the transfer of said claims to the plaintiff, actual possession by plaintiff, and a full compliance by its grantor and itself with the local laws, the laws of the United States and the district of Alaska. That the defendants claim adversely to it, which claim constitutes a cloud upon its title and prays that its title be quieted.

Defendants by their answer deny the allegations of the complaint, and affirmatively allege that their grantor on the 26th day of April, 1905, said ground then being a part of the unoccupied and unappropriated public domain of the United States, did enter upon, make discovery, and locate the Maria L. lode mining claim, coincident with the Solo lode mining claim of plaintiff, and the Lillian B. lode mining claim coincident with the Solo No. 1 lode mining claim, and that afterwards, in September, 1905, amended location notices were filed by their grantor. They allege the transfer by the original locator through mesne conveyances to them of these claims and the performance by them and their grantor of at least $100 worth of work on each claim since their location, and

their compliance with each and every act required by law for the holding of said claims. They further allege that plaintiff's claim to the ground is unfounded and clouds and slanders their title. They pray that plaintiff take nothing by its complaint, and that they be decreed the ownership and possession of the said claims.

The affirmative allegations are denied by the plaintiff.

Winn & Burton, of Juneau, for plaintiff.

J. A. Hellenthal, of Juneau, for defendants.

CUSHMAN, District Judge. It thus appears that the claim of location made by plaintiff is prior to that set up by defendants. To overcome this apparent priority, the defendants make three contentions: (1) That this suit should be dismissed and plaintiff compelled to bring a new suit because there has been no sufficient evidence of possession of the property, at the time of bringing the suit or since to maintain it. (2) There was no valid location of this mining ground by the plaintiff's grantor in that the location notices recorded did not comply with section 2324 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 1426), with reference to what notices of location of mining claims shall contain in this: (a) That the notice does not describe the claim or claims sought to be located with reference to any natural object or permanent monument, so as to identify the claim. (b) That the notice is insufficient for the further reason that it does not contain the date of the location as required by the Revised Statutes or any date or dates whatsoever. (3) That there has not been sufficient labor performed or improvements made on these claims each year to hold them under the law.

The defendants, by the allegations and prayer of their answer, asking that they be decreed the owners and entitled to the possession of the premises, that their title and possession be quieted and confirmed, that plaintiffs be decreed to have no right, title, interest, or right of possession and restrained from entering upon said premises or asserting any right, title, or interest therein or to the possession thereof, joined issue with the plaintiff on the merits and will not now be heard to

contend that plaintiff should be dismissed out of court and put to its law action. The possession relied upon by defendants was of the same character as that of plaintiff; that is, the staking of claims and performance of the yearly assessment work.

As was said in the case of Creely v. Bay State Brick Co., 103 Mass. 515:

"The subject-matter of the bill, therefore, was clearly within the equity jurisdiction of the court. The objection that the plaintiff has a complete and adequate remedy at common law, even if well founded, comes too late. An objection of this kind should have been made on demurrer, or at least should have been specially relied upon in the answer, and not raised for the first time at the hearing upon pleadings which suggest no such ground of defense. Under such circumstances, the court can hardly do otherwise than retain the cause, provided it is competent to grant relief and have jurisdiction of the subject-matter; and of this we have no doubt."

This case is cited with approval by the Supreme Court of the state of Oregon in O'Hara v. Parker, 27 Or. 172, 39 Pac. 1004.

In the suit at bar the defendants by their answer to the amended complaint do not deny the allegations of paragraph 4 of the amended complaint, either in the first or second causes of action, which paragraph asserts the actual possession of the plaintiff at the time of instituting the suit. The paragraph 4 confessed in part and denied in part by paragraph 4 of the answer is in reality paragraph 5 of the first and second causes of action in the amended complaint. But, if this point of practice were put to one side, still the court is of the opinion that a locator who has complied with the law in the matter of discovery, location, maintaining the marking and staking of his claim, and performing a sufficient amount of labor each year thereon, has such an actual possession as will enable him to maintain a suit of this character, against a rival mining claimant, where the mineral character of the ground is conceded. 27 Cyc. pp. 652 and 653, and citations.

Regarding the defects which defendants claim to exist in the location notice of plaintiff's grantor (that is, that there is no location described with reference to a permanent monu-

ment or a natural object), the original notices introduced in evidence are substantially alike in this particular. The recorded notice of the Solo lode claim provides:

Notice is hereby given that the undersigned * * * has this day located 1,500 linear feet * * * situate in Silver Bow basin, Harris mining district, district of Alaska, commencing at this notice and monument * * * to lode line monument and place of beginning, containing an area of 20.66 acres. This claim is situated on Gold Mountain, above the southeast end of Silver Bow basin. This claim shall be known as the Solo lode and is bounded on the northeast and northwest by unknown claims and on the southwest by the Lady Corson and Bess lodes and on the southeast by Solo No. 1 lode.                        Locator C. C. Shubert."

This notice is sufficient in this particular. Hammer v. Garfield Mng. Co., 130 U. S. 291, 9 Sup. Ct. 548, 32 L. Ed. 964; cases cited volume 5 Fed. Stat. Ann. pp. 24 and 25.

Regarding the second defect claimed (that is, that it fails to contain any statement of the date of location), such a failure in a location notice might be material, where adverse rights were claimed to attach prior to the recording. Plaintiff's notices were recorded in September, 1903; defendants assert no discovery by their grantor prior to April, 1905; therefore such an omission could not have prejudiced the defendants; and they cannot complain of it. It was decided in Sturtevant v. Vogel, 167 Fed. 448, 93 C. C. A. 84, that neither the statutes of the United States nor those of Alaska made provision for the forfeiture of a mining claim on account of any failure to record the location notice, and that, in the absence of such provision, none would be decreed by the court on that account.

It therefore follows that the recording of a defective notice will not work such a forfeiture unless defendants or their grantor were misled thereby to their injury, which could not have occurred and is not claimed in this case.

A large amount of testimony was introduced by plaintiff and defendants regarding the worth of the labor performed and improvements made on the part of each upon the ground involved in this suit; the defendants' claim being that that done by plaintiff and its grantor during each year after loca-

tion was not worth $100, and more especially that done for the years 1904 and 1905. There was testimony introduced that this amount had been expended on behalf of plaintiff in paying for labor performed on each of plaintiff's claims for each of said years. Under this and the other testimony introduced, taken in connection with the liberal construction obtaining in such cases, it is found that the plaintiff has shown a compliance with the law in this particular and will prevail. McCulloch v. Murphy (C. C.) 125 Fed. 147; Whalen Cons. Copper Min. Co. v. Whalen (C. C.) 127 Fed. 611; Argentine Min. Co. v. Benedict, 18 Utah, 183, 55 Pac. 559.

Let findings and decree be prepared for the plaintiff.