[Civ. No. 1529.  Second Appellate District.—March 13, 1915.]

SAM G. MUSSER, Respondent, v. J. P. FITTING et al., Appellants.

ACTION TO QUIET TITLE—MINING LAW—EVIDENCE—BURDEN OF PROOF.— In an action to quiet title to a mining claim where the defendant proved a prior location made by him, the burden was on the plaintiff to prove failure of the defendant to do the required annual work.

ID.—ANNUAL WORK—PROOF OF PERFORMANCE.—Where the defendant had established the fact of his prior location he might have rested his case, but where, while not required so to do, he offered in evidence his affidavit made in form as provided in section 1426m of the Civil

Code as proof that he had performed the requisite annual work upon the claims for the year in question, this constituted *prima facie* evidence that the annual work upon the claim was duly performed.

ID.—FINDINGS—FAILURE TO FIND UPON MATERIAL ISSUE.—Where the question as to whether or not the annual work had been done for a certain year was the material issue in the case upon which the rights of the parties depended, it was reversible error to fail to find upon this issue, and unless cured by other sufficient findings unaffected by error, entitled appellant to a reversal of the case.

ID.—CONVEYANCE TO COMPANY—INTEREST OF GRANTOR—WHEN ASSESSMENT WORK INURES TO BENEFIT OF COMPANY.—Where the prior locator was a member of a company or association to which it is claimed he conveyed the claims in question, he had an equitable and beneficial interest in the property by reason of which assessment work done by him inured to the benefit of the company so as to prevent a forfeiture.

ID.—EVIDENCE—JUDGMENT—ERRONEOUS EXCLUSION.—Where the defendant, for the purpose of avoiding the effect of the deed alleged to have been made by him to the company, offered in evidence a judgment in an action brought by him against the company declaring the deed null and canceling it, it was prejudicial error to exclude the judgment from evidence upon the ground that the affidavit of service of summons was insufficient, where the judgment itself recited that the defendant "was duly served with summons."

ID.—JUDGMENT—RECITALS—CONCLUSIVE ON COLLATERAL ATTACK.—The recital of the judgment as to due service of process is conclusive of such fact upon collateral attack, unless it be positively contradicted by the record itself and such contradiction must be explicit and irreconcilable.

APPEAL from a judgment of the Superior Court of Inyo County and from an order denying a new trial. William D. Dehy, Judge.

The facts are stated in the opinion of the court.

P. W. Forbes, and Boyd & Salisbury, for Appellants.

A. H. Swallow, and W. J. Clark, for Respondent.

SHAW, J.—Action to quiet title to a mining claim of which plaintiff claimed ownership and right to possession.

Judgment went for plaintiff, from which, and an order denying his motion for a new trial, defendant Salisbury appeals.

In January, 1910, plaintiff duly located a lode mining claim which he designated as the Lead Hill Lode Mining Claim, the

exterior boundary lines of which conflicted with and over-
lapped certain claims known as the Monster No. 4 Mining
Claim and Monster No. 5 Mining Claim, ownership of which
was claimed by appellants. This conflict, as between the Lead
Hill Lode Mining Claim and Monster No. 4 Mining Claim,
covered 9.54 acres; and as to the former claim and Monster
No. 5 Mining Claim, covered 7.03 acres.

By answer, Fitting disclaimed any interest in the premises,
and defendant Salisbury, in addition to answer denying the
material allegations of the complaint, alleged that in April,
1907, J. P. Fitting duly located and perfected his claim to
Monster No. 4 and Monster No. 5 Mining Claims, title to
which claims Fitting conveyed to him by deed duly executed
on December 3, 1909, since which date said defendant has been
the owner in possession and (save a short time during the
pendency of an order restraining him from so doing), engaged
in developing and working the same and extracting ore there-
from; that Fitting in making said location, and down to the
time of such conveyance to defendant Salisbury, had com-
plied in all respects with the laws, rules, and regulations per-
taining to the location and acquisition of mining claims and
mineral locations upon the public domain, and during the
year 1909 had done or caused to be performed upon each of
said claims work and labor of the value of one hundred dol-
lars.

Plaintiff's right depends upon whether or not the expendi-
ture of one hundred dollars upon each of said claims was
made during the year 1909 in the improvement and develop-
ment thereof. If not, it is conceded that the former locator
and his grantee, appellant here, forfeited all right thereto,
leaving the property free and open to location by plaintiff.
Upon this issue the court found that on April 25, 1907, J. P.
Fitting was a member of a firm or association known as the
J. P. Fitting Company, which employed Fitting to locate
mining claims, and one D. H. Duncan was likewise employed
by said company, who, on said date and while so employed,
located two claims known as Monster No. 4 and Monster No.
5, posting notices thereon, wherein J. P. Fitting was named
as the locator thereof; that thereafter, on July 29, 1907, J. P.
Fitting executed a deed of conveyance whereby he conveyed
to said J. P. Fitting Company all of his right, title, interest,
and estate in and to each of said claims, and from said date

until January 1, 1910, said company was the owner and entitled to the undisputed possession of the land embraced within the boundaries of said claims; "that said J. P. Fitting Company did not do or perform any labor of any kind or description whatever upon, or make any improvement or spend any money for the benefit or improvement of said mining claims or either of them for or during the year 1909 and that no person made any such expenditure or did or perform any work or labor or made any improvement upon either of said mining claims for or in behalf of said J. P. Fitting Company, for or during said year; and that said J. P. Fitting Company was not prevented from making such improvement or from performing work and labor upon said mining claims or either of them by force or otherwise during said year."

The effect of the finding is that, while the claims were located in the name of J. P. Fitting, he thereafter, on July 29, 1907, conveyed his interest therein to the J. P. Fitting Company and that neither said company nor any person for or on its behalf did any work or performed any labor of any kind or description whatever upon said mining claims or made any improvements thereon during the year 1909.

The right of Fitting to the property attached in April, 1907, when the location of the mining claims was made in his name. Plaintiff's right thereto is by virtue of a like location made in 1910. The acts of plaintiff in thus locating the claims, so far as the same overlapped or conflicted with the claims of Fitting, were ineffectual for the purpose of vesting any right thereto in plaintiff, unless there had been an abandonment by Fitting or a forfeiture of his rights by reason of failure to do the annual assessment work for the year 1909. (*Gear* v. *Ford,* 4 Cal. App. 556, 88 Pac. 600].) The burden of establishing such forfeiture rested upon plaintiff. (*Goldberg* v. *Bruschi,* 146 Cal. 708, [81 Pac. 23]; *Whalen Cons'd Copper M. Co.* v. *Whalen,* 127 Fed. 611.) Hence, defendant having established the fact of his prior location and the conceded conflict in the exterior boundary lines of the claims and conveyance made to him by said locator, might have rested his case. Defendant, however, while not required so to do, offered in evidence his affidavit made in form as provided in section 1426m of the Civil Code, duly filed on January 27, 1910, as proof that he had performed the requisite annual work upon the claims for the year 1909. Under the section of the code, this con-

stituted *prima facie* evidence that the annual work upon said claims was duly done and performed by Fitting, as alleged in the answer. No evidence was offered tending to controvert such fact so established. The question as to whether or not the work had been done was the material issue in the case upon which the rights of the parties depended; nevertheless, the court made no finding thereon. Had such been made in accordance with the evidence, it must have followed that, since Fitting's location of the claims was prior to that made by plaintiff, and since there had been no abandonment or forfeiture thereof, his conveyance to Salisbury vested in the latter good title to the property, and that plaintiff by virtue of his attempted location acquired no right or interest in the same. The failure of the court to make such finding was error, and unless cured by other sufficient finding unaffected by error, entitles appellants to a reversal of the case.

The court, as hereinbefore stated, found that in July, 1907, J. P. Fitting by deed conveyed the claims so located by him to a company or association (whether incorporated is not found), known as the J. P. Fitting Company of which he was a member, and that said company failed to do the annual assessment work thereon. Conceding such fact established by proper evidence,—as to which, however, we express no opinion,—nevertheless, since Fitting was a member of such company or association (or if a corporation, a stockholder therein) he had an equitable and beneficial interest in the property by reason of which the assessment work done by him inured to the benefit thereof so as to prevent a forfeiture. (*Wailes* v. *Davies,* 158 Fed. 667, and cases there cited; *Anderson* v. *Caughey,* 3 Cal. App. 22, [84 Pac. 223].)

Moreover, for the purpose of avoiding the effect of this deed so made by Fitting to the J. P. Fitting Company, defendant offered in evidence a judgment and decree wherein the superior court of Inyo County, on June 8, 1909, in an action brought by Fitting against the company, declared said deed null and void and ordered, adjudged, and decreed the same and the record thereof canceled and annuled for fraud practiced in procuring it. Plaintiff's objection to the reception of such document in evidence was sustained upon the ground that it appeared upon an inspection of the judgment-roll that the judgment was void. The ground upon which respondent relies in support of this ruling is that it appeared from the

judgment-roll that defendant was a non-resident corporation doing business in this state, and that the return of service indorsed upon the summons was that the same was served ''on the 4th day of May, A. D. 1909, on Charles F. Curry as secretary of state of the state of California, by delivering to him, said secretary of state, personally in said county of Sacramento, a copy of said summons attached to a true copy of the complaint in the action therein mentioned.'' In the case of *Willey* v. *Benedict Co.,* 145 Cal. 601, [79 Pac. 270], relied upon by respondent, it was held that proof of service so made upon a nonresident corporation, since the existence of a condition upon which service upon the secretary of state is permitted was not made to appear, was insufficient to give the court jurisdiction to render a judgment by default. The question there, however, arose upon a direct attack upon the judgment (*Reinhart* v. *Lugo,* 86 Cal. 400, [21 Am. St. Rep. 52, 24 Pac. 1089]), while here the attack is made in another action and therefore collateral. Hence, the case cited cannot be deemed an authority supporting respondent's contention.

Considering the whole record, we find that the affidavit of service is not the only evidence that defendant was served with process. The jurisdictional recitals in the judgment which constitute a part of the record are that, ''it appearing to the court that defendant, the J. P. Fitting Company, a corporation, was *duly served with summons and complaint herein,* and having failed to answer plaintiff's complaint filed in the above entitled action, and the legal time for answering having expired, and no answer or demurrer having been filed herein, or other appearance made by defendant, and the default of said defendant, the J. P. Fitting Company, a corporation, in the premises having been duly entered according to law.'' Notwithstanding the insufficiency of proof contained in the affidavit indorsed upon the summons, this recital must be taken on collateral attack as true, unless the record affirmatively shows the facts upon which it is based to be untrue. There is nothing to indicate that such finding was predicated upon proof of service indorsed upon the summons found in the judgment-roll. The recital makes no reference to such proof as a basis for the conclusion, as was the case in *Harris* v. *Sargeant,* 37 Or. 41, [60 Pac. 608]. It is not inconsistent therewith, since other sufficient proof of service or admission thereof might have been presented which justified the finding.

Mr. Black in his work on Judgments, section 273, says, the recital as to due service of process in a judgment is conclusive of such fact in collateral attack, unless it be "positively contradicted by the record itself"; and further, that such "contradiction must be explicit and irreconcilable. It is not enough that the recital seems to be contradicted by inferences drawn from other parts of the record." (See, also, Freeman on Judgments, sec. 130.) The rule is that upon collateral attack every presumption should be indulged in support of the validity of the judgment. Hence, since the proof indorsed upon the summons was insufficient to justify the recital solemnly made in a judgment which imports verity, we must presume that the court had before it other and sufficient proof of service of process. This conclusion seems to be fully supported by the case of Sacramento Bank v. Montgomery, 146 Cal. 745, [81 Pac. 138]. The court, therefore, erred in excluding this judgment from evidence. That it was prejudicial follows from the fact that in the absence of any conveyance by Fitting to the J. P. Fitting Company, title to the mining claims remained vested in him at the time when the evidence shows that during the year 1909 he performed the requisite work and labor upon the claims as alleged and upon which the court failed to make any finding, as hereinbefore stated.

For the reasons given, the judgment and order are reversed.

Conrey, P. J., and James, J., concurred.