[Civ. No. 677. Fourth Appellate District.—July 18, 1933.]

JOHN O. BENDER et al., Appellants, v. THEODORE P. LAMB, Respondent.

John F. Bender, *in pro. per.*, and John O. Bender and Robert E. Rosskopf for Appellants.

C. S. Price for Respondent.

TURRENTINE, J., *pro tem.*—This is a companion case to *Pidgeon* v. *Lamb, ante,* p. 342 [24 Pac. (2d) 206], this day decided, and the facts are very similar. Plaintiffs sued defendant to quiet title to certain mining claims. Defendant denies plaintiffs' title and asserts title in himself and the trial court gave judgment quieting title to the claims in defendant. Plaintiffs appeal.

In 1911 defendant's predecessors located Sheep Creek Claims 1 to 10, inclusive, as placer mining claims where the United States survey had been extended over the land embraced in the locations by the legal subdivisions thereof. In 1929, plaintiffs located placer mining claims on Sheep Creek Claims 3 and 4. Plaintiffs claim that their junior location is paramount, asserting that defendant's location was never lawfully made because the location notice was not posted at the point of discovery and that the boundaries were not marked upon the land. We have this day decided this question adversely to the claim of appellants in the case of *Pidgeon* v. *Lamb, supra.* The transcript does not purport to contain all the evidence or record of proceedings in the trial court.

Appellants urge that defendant has lost title to his mining claims by estoppel, fraud, laches and negligence for the reason that he did not preserve and restore monuments,

keep the boundaries well marked, and that he did not notify plaintiffs of his claim. He was under no duty to keep the monuments in place and location notices posted so long as they were not obliterated or destroyed by his fault while he continued to perform the necessary work upon the claims (*Jupiter Min. Co.* v. *Bodie Cons. Min. Co.*, 11 Fed. 666). It is conceded that the necessary work was done upon the claims and there is no evidence that any monuments or notices were destroyed or obliterated through the fault of defendant. The recorded notices of location gave constructive notice of defendant's possession and of the boundaries. We feel that such contentions on the part of appellants are without merit.

Plaintiffs and appellants stipulated that they would not claim that the evidence is insufficient to support finding 4, which reads as follows:

"That on and since the 25th day of March, 1911, the said defendant Theodore P. Lamb, with his predecessors and grantors, was ever since, has been and now is the owner (subject only to the paramount title of the United States) and in possession and entitled to the possession by virtue of a discovery of mineral thereon and a valid location thereof according to law made on or about the 25th day of March, 1911, and of performing during each and every year since said time not less than one hundred ·dollars ($100.00) worth of labor and improvements on each of said mining claims, which said work tended to develop each of said claims and have been in the exclusive and uninterrupted possession of said mining claims ever since the location of the same, and now is in actual possession."

We are therefore satisfied that the judgment of the trial court is correct and that all matters were properly disposed of by the trial court.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 14, 1933, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 15, 1933.