[Civ. No. 679. Fourth Appellate District.—July 18, 1933.]

KARL I. PIDGEON et al., Appellants, v. THEODORE P. LAMB, Respondent.

Robert E. Rosskopf and Frederick H. Brock, *in pro. per.,*
and John O. Bender for Appellants.

C. S. Price for Respondent.

TURRENTINE, J., *pro tem.*—Plaintiffs filed this action seeking to quiet title to three placer mining claims. Defendant answered denying plaintiffs' title and asserted title in himself. Judgment was rendered in favor of defendant quieting his title as against plaintiffs except as hereinafter noted. From this judgment plaintiffs appeal.

On March 25, 1911, A. R. Lendner and his associates, all citizens of the United States, went in and upon unoccupied and unappropriated mineral lands of the United States and located ten contiguous placer mining claims under the claim names of Sheep Creek Placer Mining Claims numbered 1 to 10, inclusive, constituting a consolidated group. The land at the time of entry had been duly surveyed by the United States government and the sections and legal subdivisions thereof were distinctly marked by said United States public survey so that the exterior boundaries of the sections and subdivisions thereof could be readily traced and the quarter-section corners thereof could be easily ascertained. All locations were according to and coincided with the legal subdivisions of the property, according to the United States public survey. Mineral in place, to wit, certain lime deposits of commercial quantity and value, were found on each of the claims, monuments were erected and location notices were posted in a conspicuous place on the monuments on the date of location. Copies thereof were recorded in the office of the county recorder where the land is situated within thirty days. Whatever title the original locators had now vests in defendant, a citizen of the United States. That defendant and his predecessors in interest performed the necessary annual labor on said claims is unchallenged except for the year 1916. The trial court found that the annual labor was performed by defendant on all of the claims for the year 1916. Appellants challenge the sufficiency of the evidence to sustain this finding and this matter will be discussed hereafter. The defendant and his predecessors in interest at no time actually marked the boundaries of the claims on the land. On March 9, 1930, plaintiffs located three placer mining claims named Monarch Claims Nos. 1, 2 and 3, respectively, on portions of Sheep Creek Claims Nos. 5, 6 and 8, and all of Sheep Creek Claim No. 7. In 1920, a stranger to this action obtained a patent from the

United States government covering portions of Sheep Creek Claims Nos. 5 and 6, called the Jersey Bull patent. The judgment in this case does not purport to affect the property covered thereby. Subsequent to the issue of said patent, the defendant and his predecessors in interest did not relocate the portions of Sheep Creek Claims Nos. 5 and 7, which were excluded from the Jersey Bull patent. The final judgment in this action will determine the title to those portions of the property embraced within Sheep Creek Claims Nos. 5, 6, 7 and 8, which are also covered by plaintiffs' claims designated as Monarch No. 1, Monarch No. 2 and Monarch No. 3. Other facts necessary to the determination of the issues will be set forth in connection with the points of law applicable thereto.

Appellants contend that defendant has no title to the mining claims for the reason that no notice of location was posted at the point of discovery and the boundaries of the claims were not marked. Respondent's reply to this contention is that it is unnecessary to post the notice of location at the point of discovery or to mark the boundaries when a placer claim is located where the United States survey has been extended over the land embraced in the location. We are convinced that respondent's contention is correct. Civil Code, section 1426, provides that when a lode claim is located, notice of location shall be posted "at the point of discovery", and further, that the notice shall show "the number of linear feet claimed in length along the course of the vein, each way from the point of discovery, with the width on each side of the center of the claim, and the general course of the vein or lode, as near as may be". United States Revised Statutes, section 2324, provides: "The location must be distinctly marked on the ground so that its boundaries can be readily traced." It is thus seen, as to a lode claim, all measurements start from the point of discovery and that there is a specific requirement to post the notice at the point of discovery. It is the starting point from which all measurements must be made. The boundaries of the claim must be marked (Civ. Code, sec. 1426a; U. S. Rev. Stats., sec. 2324).

A different procedure is provided for the location of placer mining claims. Section 1426c of the Civil Code provides in part: "The location of a placer claim shall be made

in the following manner: By posting thereon . . . a notice of location . . . '' It will be noted that it does not require the notice to be posted at the point of discovery. The same code section then provides: '' . . . provided, that where the United States survey has been extended over the land embraced in the location, the claim may be taken by legal subdivisions and no other reference than those of said survey shall be required and the boundaries of a claim so located and described need not be staked or monumented. The description by legal subdivisions shall be deemed the equivalent of marking.'' United States Revised Statutes, section 2329, contains a similar provision. It is thus seen that the purpose of distinctly marking the location is to provide a means of readily tracing the boundaries. However, the United States government, by its public survey, has already provided the markings by which the boundaries can be traced and no other monuments or markings can be used with which to trace the boundaries. Section 2329, Revised Statutes of the United States, provides: ''Where the lands have been previously surveyed by the United States the entry in its exterior limits shall conform to the legal subdivisions of the public lands.'' The provisions of law above referred to would seem to make it clear that it is unnecessary to post the notice of location at the point of discovery or to mark the exterior boundaries when a placer claim is located where the United States survey has been extended over the land embraced in the location. Our conclusions in this regard are supported by the case of *Kern Oil Co.* v. *Crawford*, 143 Cal. 298 [76 Pac. 1111, 3 L. R. A. (N. S.) 993]. ■ The evidence supports the finding of the trial court that a notice of location was posted on each of the Sheep Creek claims at the time of discovery.

■ Plaintiffs' next contention is that defendant or his predecessors forfeited any rights they may have had for failing to perform the annual assessment work in 1916. A copy of the affidavit of proof of annual labor, duly certified by the county recorder, was put in evidence, which is sufficient to sustain the finding of the trial court that the annual assessment work for the year 1916 was done on said claims in the time and manner and to the extent required by law (Civ. Code, sec. 1426m). The trial court could have rested its finding that the annual labor for 1916 was done on the

oral testimony in the record without considering the affidavit of proof of annual labor (*Musser* v. *Fitting,* 26 Cal. App. 746 [148 Pac. 536]). This observation is made for the reason that the affidavit was filed thirty-one days after the time limited for performing the labor or making the improvements. ■ In any event, a forfeiture for failure to do the annual labor can only be claimed by one who makes a valid location on the claim before the resumption of labor (U. S. Rev. Stats., sec. 2324; *Madison* v. *Octave Oil Co.,* 154 Cal. 768, 773 [99 Pac. 176].) It is conceded that defendant performed the required annual labor since 1916, and plaintiffs did not initiate its location until 1930. Hence, plaintiffs could not claim any rights by reason of the alleged forfeiture for failure to do assessment work in 1916 if that fact be conceded.

■ Appellants contend that the patent of the Jersey Bull claim of 1920, covering portions of Sheep Creek Claims Nos. 5 and 6, forfeited defendant's title to those portions of 5 and 6 not covered by the Jersey Bull patent, relying on the principle laid down in *Gwillim* v. *Donnellan,* 115 U. S. 45 [5 Sup. Ct. 1110, 29 L. Ed. 348], to the effect that where a locator permits another to obtain a patent to a portion of the claim which he has located, on which portion is located the discovery shaft, he thereby loses title to his entire claim. It is undoubtedly true that if the places of discovery of minerals in the original claims 5 and 6 were within the limits of the Jersey Bull patent, they would forfeit title to all of said claims of which the Jersey Bull patent formed a part. However, the trial court found that defendant was the owner of the portions of Sheep Creek Claims 5 and 6 not embraced within the limits of the Jersey Bull patent, which is an implied finding that the points of discovery were each outside of the limits of the Jersey Bull patent. We think such a finding is justified from the evidence of Frank T. Roberts, United States deputy mineral surveyor, who testified: "While upon this property I caused to be made open cuts upon all of the claims excepting No. 10, for the purpose of determining that there was a continuous body of limestone up through claims No. 9, 8, 7, 5 and 6, which said claims could be reached by working through claim No. 10." As before stated, there is no evidence in the record that the points

348

of discovery of the Sheep Creek Claims 5 and 6 were embraced within the limits of the Jersey Bull patent. The theory on which defendant would lose title to all of Sheep Creek Claims 5 and 6, by virtue of allowing a patent to issue to a stranger on a part thereof, is that they were abandoned. Abandonment is a voluntary act which must be proven by competent evidence before the fact can be found to exist (*Lakin* v. *Sierra-Buttes Gold Min. Co.,* 25 Fed. 337), and the burden to prove abandonment is upon him asserting it. (*Gear* v. *Ford,* 4 Cal. App. 556 [88 Pac. 600].) Applying these principles, the trial court was fully justified in finding that defendant had title to those portions of Sheep Creek Claims 5 and 6 not covered by the Jersey Bull patent.

The other points urged by appellants do not impress us as of sufficient importance to merit discussion, and an examination of the entire record convinces us that the trial court made a proper disposition of the case.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 14, 1933, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 15, 1933.