[Sac. No. 5321. In Bank.—August 21, 1940.]

LEO KAUFMANN, as Executor, etc., et al., Appellants, v. CALIFORNIA MINING AND DREDGING SYNDI-CATE (a Corporation), Defendant; E. J. ANDERSON et al., Interveners and Respondents.

Simeon E. Sheffey and Errol C. Gilkey for Appellants.

Pillsbury, Madison & Sutro, Eugene M. Prince, Gerald S. Levin and L. F. Kuechler for Interveners and Respondents.

SPENCE, J., *pro tem.*—Plaintiffs, claiming to be stockholders in the defendant California Mining and Dredging Syndicate, a corporation, brought this action against said corporation seeking to have certain real property partitioned among the stockholders. The interveners, E. J. Anderson and H. A. Salstrom, filed their complaint in intervention alleging that they were the owners of said real property, having purchased the same for $13,600 upon an execution sale in another action in which California Pacific Title and Trust Company, a corporation, was the plaintiff and the California Mining and Dredging Syndicate, a corporation, was the defendant. The prayer of the complaint in intervention sought judgment to the effect that plaintiffs take nothing by their action and that the title of the plaintiffs in intervention be quieted. The cause was tried by the court sitting without a jury and judgment was entered in favor of plaintiffs in intervention. Plaintiffs appeal from said judgment. We will hereinafter refer to plaintiffs as appellants and to plaintiffs in intervention as respondents.

The main attack made by appellants upon the judgment in this action is grounded upon their contention that the judgment in the other action was void and that respondents therefore did not acquire title to the property by virtue of the execution sale thereunder. It is apparently conceded that if said judgment in the other action was valid, then the judgment in favor of respondents in this action should be affirmed and we will therefore proceed to a consideration of appellants' attack upon the judgment in the other action.

The foregoing contention of appellants obviously constitutes a collateral attack upon the judgment in the other action (*Crouch* v. *H. L. Miller & Co.,* 169 Cal. 341 [146 Pac. 880]; *County Bank* v. *Jack,* 148 Cal. 437 [83 Pac. 705, 113 Am. St. Rep. 285]; *Sacramento Bank* v. *Montgomery,* 146 Cal. 745 [81 Pac. 138]); and such attack must fail unless the invalidity of that judgment affirmatively appears upon the face of the judgment roll. (*Crouch* v. *H. L. Miller & Co., supra;* p. 343; *Hahn* v. *Kelly,* 34 Cal. 391, 402 [94 Am. Dec. 742]; *Hogan* v. *Superior Court,* 74 Cal. App. 704, 708 [241 Pac. 584].) The ordinary rules governing a direct attack

upon a judgment have no bearing under the circumstances. (*Musser* v. *Fitting,* 26 Cal. App. 746 [148 Pac. 536] ; *Rue* v. *Quinn,* 137 Cal. 651 [66 Pac. 216, 70 Pac. 732].)

In the other action, the defendant California Mining and Dredging Syndicate, a corporation, was sued upon several promissory notes and the total judgment against said defendant, including interest and attorneys fees, amounted to approximately $550,000. Said judgment was a default judgment entered in 1934. It recited that the cause came on regularly for trial and ''evidence both oral and documentary having been introduced, and the cause having been duly submitted to the court for decision and the court being fully advised in the premises and hereby finding that the defendant has been regularly served with process . . . and that the default of said defendant in the premises has been duly entered herein according to law . . . '' It is apparently conceded that the judgment itself was in all respects valid upon its face but appellants call attention to certain alleged defects in certain documents on file in that action relating to the service of summons. It is apparent therefrom that service of summons in that action was attempted by at least two methods, first, by service upon the secretary of state under section 406a of the Civil Code and second, by publication under sections 412 and 413 of the Code of Civil Procedure. The plaintiff in that action also caused the real property involved herein to be attached and no question of any attempt to enforce said judgment, except as against the attached property, is before us on this appeal.

Practically all of the authorities cited by appellants involved direct attacks rather than collateral attacks upon judgments. Respondents take the position that the documents on file showed valid service of summons under both methods above mentioned and that said documents are sufficient to render the judgment in question immune from even direct attack but they further contend that, under the circumstances before us, the findings in the judgment to the effect that the defendant therein has been regularly served with process and that the default of said defendant had been duly entered according to law are conclusive upon this collateral attack. In our opinion this contention must be sustained.

The rules governing collateral attacks upon judgments were exhaustively discussed in the early case of *Hahn* v.

*Kelly,* 34 Cal. 391 [94 Am. Dec. 742], and that decision and the rules therein enunciated have been consistently followed since that time. (*Quivey* v. *Porter,* 37 Cal. 458; *Reily* v. *Lancaster,* 39 Cal. 354; *Reeve* v. *Kennedy,* 43 Cal. 643; *Sacramento Bank* v. *Montgomery,* 146 Cal. 745 [81 Pac. 138]; *County Bank* v. *Jack,* 148 Cal. 437 [83 Pac. 705, 113 Am. St. Rep. 285]; *Crouch* v. *H. L. Miller & Co.,* 169 Cal. 341 [146 Pac. 880]; *Bernhard* v. *Wall,* 184 Cal. 612 [194 Pac. 1040]; *City of Salinas* v. *Luke Kow Lee,* 217 Cal. 252 [18 Pac. (2d) 335]; *Musser* v. *Fitting, supra.*)

In the present case it appears from the judgment in the other action that oral and documentary evidence was introduced and that the trial court there made its findings with respect to the validity of the service of process and the entry of the default. It does not affirmatively appear that these findings were based solely upon any particular document or documents relating to service of summons and, under these circumstances, the presumptions in favor of the validity of the judgment make said findings conclusive upon collateral attack even though there may have been defects in some of the documents constituting part of the judgment roll and relating to the service of summons.

In *Hahn* v. *Kelly, supra,* at page 431, it was said: "But if the judgment for proof of service refers generally to a paper or papers on file, or to a summons and sheriff's return thereon without specifying any particular paper, summons or return, and if there be found on file papers showing a defective and void service, and nothing further appears, the law to support the judgment would presume that the court had other sufficient proof of service than that which remains on file; and it would not in that case appear affirmatively from the record that the recitals in the judgment were untrue. The recitals would therefore be conclusive proof of service. But if the judgment recites a due service of process without specifying how the service was made or referring to any paper as proof of it, the recital is conclusive on the parties in a collateral proceeding . . . "

Again, in *Musser* v. *Fitting, supra,* at page 751, the court said: "Considering the whole record, we find that the affidavit of service is not the only evidence that defendant was served with process. The jurisdictional recitals in the judgment which constitute a part of the record are that, 'it appearing

to the court that defendant, the J. P. Fitting Company, a corporation, was *duly served with summons and complaint herein* . . . and the default of said defendant, the J. P. Fitting Company, a corporation, in the premises having been duly entered according to law'. Notwithstanding the insufficiency of proof contained in the affidavit indorsed upon the summons, this recital must be taken on collateral attack as true, unless the record affirmatively shows the facts upon which it is based to be untrue. There is nothing to indicate that such finding was predicated upon proof of service indorsed upon the summons found in the judgment roll.''

With respect to the application of the above-mentioned rules, it was said in *Sacramento Bank* v. *Montgomery, supra,* at pages 751 and 752: ''Defendants say that while, where the record is silent as to what was done, it will be presumed in favor of the judgment that what ought to have been done was not only done, but rightly done, yet when the record shows what was done, it will not be presumed that something different was done. This statement is undoubtedly true, and is supported by a wealth of authority. But it has no application where the record does not purport to show all that was done, and the judgment states that all that was necessary to be done was done. This matter was very clearly discussed by this court in *Hahn* v. *Kelly,* 34 Cal. 391 [94 Am. Dec. 742], and so far as the particular question here involved is concerned, the views there announced have never been departed from.''

We therefore conclude that the trial court's findings in this action relating to the validity of the judgment in the other action and the execution sale thereunder and the further findings relating to the ownership of the real property by respondents are all sustained by the evidence. These conclusions are determinative of this appeal and it is therefore unnecessary to consider the other points urged by respondents in support of the judgment herein.

The judgment is affirmed.

Shenk, J., Carter, J., Curtis, J., and Gibson, C. J., concurred.

Edmonds, J., not having been present at the argument of this case, did not participate in its decision.

Rehearing denied.