[Civ. No. 263. Fourth Appellate District.—August 16, 1930.]

JOHN F. M. ROEHL, Respondent, v. THE TEXAS COMPANY (a Corporation), Appellant.

Charles C. Stanley and R. K. Barrows for Appellant.

Harvey H. Atherton for Respondent.

HAINES, J., pro tem.—This is an appeal on the judgment-roll from a judgment rendered by the court after the entry of the default of the defendant and appellant, The Texas Company, following its failure to appear or answer

the complaint filed in the superior court against it within ten days after the service, or attempted service, of summons upon it.

Two reasons for a reversal are urged:

First, that the complaint does not state a cause of action, and

Second, that the sheriff's return of service of summons does not on its face show a valid service upon the defendant and appellant.

So far as the second point is concerned, it is the same made and decided adversely to appellant by our opinion this day filed in the appeal involving the same parties, numbered Fourth District, Civil No. 264 (*ante*, p. 691 [291 Pac. 255] ; Supreme Court, L. A. No. 11073), taken from an order of the superior court in the same action, refusing to quash service of the summons.

In the further appeal, however, in the same action entitled Fourth District, Civil No. 265 (*ante*, p. 708 [291 Pac. 262], Supreme Court, L. A. No. 11074), we are this day reversing an order of the superior court which denied the motion of defendant and appellant made under section 473 of the Code of Civil Procedure, grounded on the inadvertence, surprise and excusable neglect of itself and its counsel, to open, vacate and set aside both the default and the judgment entered in the case against it, and directing the court below to enter an order setting the default and judgment aside. As that will dispose of the judgment, it becomes unnecessary to deal with it on the present appeal, which must, therefore, be dismissed. Since, however, the case must now be tried, it is proper to say that in our opinion the complaint is not defective in its statement of either the first or second causes of action therein pleaded, and that whether or not what are pleaded as the third and fourth causes of action lack anything of desirable certainty, neither fails to state a cause of action.

The appeal is dismissed.

Barnard, J., concurred.

Cary, P. J., deeming himself disqualified, took no part in the decision.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 10, 1930.