[S. F. No. 2944.   Department Two.—December 27, 1904.]·

CHARLES G. WILLEY, Appellant, v. THE BENEDICT COMPANY, Respondent.

SUMMONS—SUBSTITUTED SERVICE—JURISDICTION OF DEFENDANT—CONDITIONS—RETURN.—A substituted service of summons in an action purely *in personam* is a radical departure from the ordinary method of procedure whereby jurisdiction is obtained over the defendant, and the authority to make it must be strictly followed, and the existence of the conditions upon which such service depends must be shown affirmatively by the return.

ID.—SERVICE UPON FOREIGN CORPORATION—LEAVING COPY WITH SECRETARY OF STATE—INSUFFICIENT RETURN—CONDITION NOT SHOWN.—A sheriff's return of the service of summons upon a foreign corporation doing business in this state, by leaving a copy of the summons and complaint with the secretary of state, which wholly fails to show the necessary condition that the records in the office of the secretary of state disclose that no person has been designated by the corporation for that purpose, is insufficient to show jurisdiction of the defendant and to support a judgment by default.

ID.— SPECIAL APPEARANCE — MOTION TO QUASH SERVICE AND VACATE JUDGMENT—WANT OF JURISDICTION.—Upon the special appearance of the defendant corporation for that purpose its motion to quash the service of the summons and to vacate the judgment by default for want of jurisdiction of the defendant appearing upon the record was properly granted.

ID.—CERTIFICATE OF SECRETARY OF STATE NOT PART OF RETURN OR RECORD.—A certificate by the secretary of state attached to the returned summons that the defendant corporation had designated no person upon whom service might be made is not provided for by statute as evidence of that fact in aid of the sheriff's return, and is not part of his return or of the record of the judgment by default, and cannot be considered for any purpose upon a motion made upon the record to quash the service and vacate the judgment.

ID.—APPEAL—ORDER GRANTING MOTION—AFFIDAVITS NOT PART OF RECORD.—Where none of the affidavits, or the substance of them, offered by the plaintiff upon the defendant's motion to quash the service of the summons and to vacate the judgment by default, and not admitted in evidence, were made part of the record upon appeal from the order granting the motion, the refusal to admit them in evidence cannot be considered.

APPEAL from an order of the Superior Court of the City and County of San Francisco quashing the service of sum-

mons and vacating a judgment by default. Thomas F. Graham, Judge.

.The facts are stated in the opinion of the court.

Franklin P. Ball, for Appellant.

Rigby & Rigby, and Waldemar J. Tuska, for Respondent.

LORIGAN, J.—The plaintiff, as assignee of one Lea Bleakmore, on December 22, 1900, brought an action in the superior court of San Francisco against the defendant, a foreign corporation, to recover the value of personal services alleged to have been rendered it by Bleakmore, and had certain property of the defendant attached.

Summons was issued, directed generally to "The Benedict Company (a corporation)," and delivered to the sheriff of Sacramento County, who, in due time, returned that he had served it upon the defendant, "a foreign corporation, doing business in the state of California, defendant therein named, by handing to and leaving with C. F. Curry, secretary of state of the state of California, a copy of said summons" having attached thereto a copy of the complaint.

On March 14, 1901, the default of the defendant having been theretofore entered, on motion, judgment was rendered in favor of plaintiff against the defendant for $3,488.75, the amount claimed.

On April 19th following, the defendant appearing specially .for that purpose, and upon due notice given, moved the court to vacate the service of the summons and complaint, and to set aside the default and the judgment entered, on several grounds, one of which was that the court had acquired no jurisdiction of the person of defendant, as there had been no legal or valid service on it of the summons and complaint. This motion was based, and its hearing had, solely upon the record in the case, and the court having thereafter granted the order as prayed for, plaintiff appeals.

While, as stated, several grounds were urged in the lower court in support of the motion to quash the service of the summons and vacate the judgment, and they are all equally insisted on here to sustain the order, we think the matter may be disposed of upon a consideration of the question solely

whether the return of the sheriff under which jurisdiction of the defendant was assumed, was sufficient in law to give the superior court jurisdiction of defendant. If not, the order of the lower court must be affirmed.

The service of the summons was made, and its sufficiency is attempted to be sustained under the provisions of section 1 of an act amending "An act in relation to foreign corporations," passed in 1899 (Stats. 1899, p. 111), which provides, in effect, that every foreign corporation doing business in this state shall, within a specified time after commencing business here, designate some person residing in the state upon whom process may be served, and file such designation in the office of the secretary of state, in which case it shall be lawful to serve the process upon such designated person, and, in the event no such person is designated, then service shall be made on the secretary of state.

It will be noted that this provision is a radical departure from the ordinary method of procedure whereby jurisdiction is obtained over a defendant, and for that reason, having due regard for the protection of the personal and property rights of a defendant, before a court can assume jurisdiction of him under the substituted process it provides for, a strict compliance with its provisions must be insisted on.

It is said: "Substituted service in actions purely *in personam* is a departure from the rule of common law, and the authority for it must be strictly followed. Therefore, the existence of the conditions upon which the validity of such service depends must be shown affirmatively by the return and cannot be inferred." (18 Ency. of Plead. & Prac. 932.)

Now, to apply this rule to the substituted service of the summons in the case at bar, as the return of the sheriff discloses it to have been made:

It will be observed that section 1 of the statute above referred to requires every foreign corporation doing business in this state to designate, by filing such designation in the office of the secretary of state, a person upon whom process may be served, and when so designated the process shall be served on him, and it then declares that where no such person is designated the required service may be made upon the secretary of state. It provides, in any event, for the service upon some one, but as to that service, in as far as making it

on the secretary of state is concerned, the statute prescribes a condition,—namely, that the records of the office of the secretary of state disclose that no person has been designated by the corporation for that purpose. If there is a designated person, service must be made on him; if there is none, then on the secretary of state,—but the right to serve the latter is conditioned solely on the non-existence of the former.

When we examine the return of the sheriff (and we have recited above its essential particulars), we find an entire absence of any recital upon the subject, as to whether the defendant foreign corporation had filed any designation of a person to be served. The only statement is, that he served the summons on the secretary of state. But as by the terms of the statute there was no authority to serve the secretary of state, unless it appeared that there was no designation of a person on file in his office, the return of the sheriff should have shown the existence of this condition, upon which alone service on the secretary of state could be either authorized or sustained. If it was a fact that no designation had been made, it should have been contained in his return, and his failure to so make it renders the return insufficient to show that any such service had been made as would give the court jurisdiction of the defendant.

In Works on Courts and Their Jurisdiction (p. 291) it is said: "Where service is allowed on one person only where some other person cannot be found, the proof of service must, where service is made on the second person, show that the first could not be found. In other words, where service is allowed to be made on a particular person or officer only on condition, the return must show the existence of the condition, or it is insufficient."

In Nevada a statute of that state similar to ours provided that, in a suit against a foreign corporation doing business there, service of process might be made upon the secretary of state, in the event of a failure of such corporation to appoint and keep an agent within that state upon whom service might be made. In *Brooks* v. *Nickel Syndicate,* 24 Nev. 325, passing upon the validity of a judgment of default upon substituted service, where the record showed, from the return of the sheriff, that he had served the summons on the secretary of state, but his return did not show that the corporation

had not appointed an agent within the state upon whom service might be made under the act, it was held that the return was insufficient to give the court jurisdiction. It was there said: ''The statute of 1889, under which service of summons was made in the case at bar, authorized such service upon the secretary of state in the event of the failure of the appellant to appoint and keep an agent within this state, upon whom such service could be made, and such facts should be affirmatively shown by the record.'' To the same general effect are *Cairo and Fulton R. R. Co.* v. *Trout,* 32 Ark. 23; *Glincs* v. *Supreme Sitting Order of Iron Hall,* 22 N. Y. Civ. Prac. Rep. 437; 20 N. Y. Supp. 275.

It is insisted, however, that in the case at bar the fact that the defendant corporation had designated no person upon whom service might be made appeared from the certificate of the secretary of state to that effect, which was attached to the summons as returned. But, in the first place, the statute does not provide for any certificate of the secretary of state as evidence of that fact in aid of the sheriff's return or otherwise, and in the second, if it could be availed of at all, it does not pretend to be, and is no part of, the return of the sheriff, nor is it any part of the record, which, in cases of judgments by default, consists of the summons, with affidavit or proof of service, the complaint, with a memorandum indorsed thereon of the entry of defendant's default, and a copy of the judgment. (Code Civ. Proc., sec. 670, subd. 1.) As the motion to quash was made solely on the record, and as this certificate was not part of it, it is unavailing for any purpose.

It is further insisted by appellant that the court erred in refusing to admit in evidence the affidavits of certain persons offered by him on the hearing of the motion. But as none of these affidavits, or the substance of them, appear in the transcript, there is nothing upon which appellant's point in regard to them can be considered.

We are satisfied, for the reasons given, that the order of the superior court vacating the service of the summons and setting aside the judgment was properly made, and is therefore affirmed.

McFarland, J., and Henshaw, J., concurred.