[Civ. No. 265. Fourth Appellate District.—August 16, 1930.]

JOHN F. M. ROEHL, Respondent, v. THE TEXAS COM-
PANY (a Corporation), Appellant.

Charles C. Stanley and R. K. Barrows for Appellant.

Harvey H. Atherton for Respondent.

HAINES, J., *pro tem.*—Defendant and appellant The
Texas Company failed to appear or answer the complaint

filed in the superior court by plaintiff and respondent within ten days after July 27, 1928, on which date, in an attempt to serve it with summons and complaint, copies of the same had been delivered in San Diego County, California, to one Lorden, described in the sheriff's return as its "district managing agent." Its default was entered accordingly on August 9, 1928, and judgment rendered against it on August 11, 1928. Thereafter on September 1, 1928, it filed its notice of motion to set aside the default and judgment and on September 17, 1928, made its motion in open court accordingly. The motion was denied and this appeal is taken from the order denying it. ▆ The grounds of the motion were threefold. First, that the judgment is void on its face; second, that defendant and appellant was not validly served; and third, that the default and judgment were entered through the mistake, inadvertence, surprise and excusable neglect of defendant and appellant and its counsel. The first of these contentions was, we think, unsound. In an opinion, this day filed, in an appeal arising out of the same action, Fourth District, Civil No. 264 (*ante*, p. 691 [291 Pac. 255], Supreme Court, L. A. No. 11073), we have upheld the trial court in determining the second adversely to the appellant. It remains on the present record to deal with the third. The showing made by the parties included the notice of motion, complaint with the default indorsed thereon, the summons and sheriff's return thereon, the judgment, the same affidavits considered in the said appeal (Fourth District, Civil No. 264), designed, on appellant's part, to show the service of the summons to have been invalid, and on respondent's part, to rebut that showing. The rest of the showing presented to the trial court on the hearing of the motion to open the default and judgment, consisted, on appellant's part, of affidavits made respectively by Jacques Vinmont, president of appellant corporation, and Charles C. Stanley, its general attorney, together with the verified answer which appellant sought to file. The Vinmont affidavit states the affiant's capacity as president of the corporation; that as such president he is, and when the summons was served, was, its "managing agent"; the fact of its incorporation under the laws of California, that when the action was commenced its office and principal place of business was in Los Angeles, and that affiant then and there-

after has had his office and residence there. The further contents of the affidavit have to do with the merits of the case, stating in the usual form that the affiant has fully and fairly stated the case in this action and all of the facts and circumstances connected therewith to defendant's counsel Charles C. Stanley, Esq., a duly admitted attorney at law, and that after such statement affiant is advised by such counsel that he believes defendant to have a good and valid defense to the alleged causes of action set forth in the complaint and each of them upon the merits. The Stanley affidavit may be summarized as follows: That at all the times in question affiant has been an attorney at law admitted to practice in California and resided in Los Angeles County and had his office at Los Angeles; that he is and has at all the times in question been general counsel for defendant (now appellant), and also one of its directors; that, as such general counsel, it is his duty to supervise and handle all litigation in which said corporation may be a party; that affiant is familiar with the corporation's organization and business and with the powers, duties and responsibilities of its several agents and employees; that on August 8, 1928, affiant received from one Owen, district sales manager of said corporation for a portion of the state of California, including San Diego County, a copy of the summons in the instant case, with a copy of the complaint therein, annexed thereto; that Owen, in delivering such summons to affiant, advised affiant that the same had been received by Owen through the mails from one Lorden, an employee of the corporation at San Diego; that affiant knew of his own knowledge that Lorden was not at the time of such service president or other head of said corporation or a vice-president, secretary, assistant secretary, cashier or managing agent thereof, nor a proper person upon whom summons against said corporation might be served, but an employee of the sales department of said corporation, having no powers or duties involving any exercise of judgment or discretion on his part and acting in all matters solely and entirely at the direction and under the control of said Owen, as district sales manager, Owen's office being in Los Angeles; that the only managing agent of the corporation at any of the times in question was Jacques Vinmont, the president thereof, who was the only person having general supervision

and control over all of the various branches of the corporation's business; which the affidavit proceeds to detail; that the sales department of the corporation, wherein Lorden is and was at all of the times in question occupied, has no other powers or duties than in connection with selling, marketing and delivering the products of said corporation and that Lorden was and is merely a salesman and subordinate therein; that each of the persons upon whom summons might be served under the provisions of subdivision 1 of section 411 of the Code of Civil Procedure has received definite instructions to deliver to affiant any summons or legal process received; that each of them fully realizes the importance of promptly doing so; that at the times in question neither Owen nor Lorden had received any such instructions, it not having been anticipated that any summons or other papers could legally be served upon either of them, and neither of them realized the importance of prompt action in this regard and that, therefore, more than ten days expired after delivery of the summons in the instant cause to Lorden before affiant received it; that affiant was and is certain that the delivery of the papers to Lorden was not a valid service of the same upon the corporation and did not believe that any return of such service could or would be made or be used as a basis for entry of default; that, nevertheless, promptly upon receipt of the papers affiant caused to be prepared notice of a motion to quash such service with and affidavit in support thereof and a memorandum of points and authorities to be used on such motion, and, as soon as said papers were completed, mailed the same to an attorney at San Diego, whom he names in the affidavit, with the request that such attorney associate himself with affiant as attorney for defendant (appellant here) for the purposes of the motion; that said corporation did not then have, and has not now any regular attorney in San Diego County; that on August 11, 1928, affiant received from the attorney to whom he had sent the papers a letter dated the previous day, stating that it would be impossible for such attorney to comply with affiant's request, and saying that he had turned said papers over to Wirt Francis, another attorney at law, at San Diego, for attention; that thereafter and on August 12, 1928, affiant received a letter from Francis stating that he had received the papers late

on the afternoon of August 10, 1928, and next morning served them upon the attorney for plaintiff and taken them to the office of the county clerk for filing, but then discovered that a default had been entered; that he, Francis, thereupon decided to withhold said papers for consideration of the advisability of also moving to set aside the default; that after due consideration of the law it was determined that a motion to set aside the default was unnecessary, and said notice of motion (to quash the service of summons) was thereupon filed, as appeared of record; that thereafter the motion came on regularly to be heard on August 27, 1928, and was denied; that affiant understands the reason for such denial to have been that the return on the summons stated Lorden to have been the district managing agent of the corporation and that the affidavit presented with the motion was deemed insufficient to rebut the *prima facie* case made by the return; that the return is in fact false in that respect as appears from the affidavit of one Walker, filed in connection with a motion to quash the service of the summons; that affiant, believing that the said motion to quash service of the summons would be granted, meanwhile made no preparation to move to set aside the default on the ground of surprise, mistake, inadvertence or excusable neglect; that on August 28, 1928, affiant received from Francis a letter advising him of the denial of said motion to quash the service, and thereafter immediately caused a proposed answer to be prepared and a notice of motion and necessary affidavits to set aside the default, which preparation of papers was proceeded with diligently and without delay, and affiant is now ready to send the same to Francis to file and present to the court and that, if the motion to set aside the judgment and default is granted, affiant intends to file said answer. The denials contained in the answer are, if true, sufficient to negative plaintiff's right to a judgment. In addition to the affidavits on the part of the plaintiff and respondent, intended to sustain the validity of the service of the summons filed in his behalf, and used on the hearing of the motion to quash the summons, which are described at length in our opinion in said appeal (Fourth District, Civil No. 264), plaintiff (respondent) filed and presented on the hearing of the motion to set aside the defaults, two additional affidavits, one made by himself to

the effect that Lorden on September 11, 1928, told him that he, Lorden, had held the process after it was served on him, for two or three days before forwarding it to the Los Angeles office of defendant and appellant; also that Lorden, when the summons and complaint were served on him, knew that Harvey H. Atherton, whose offices are in the Union Building, San Diego, California, was plaintiff's attorney, and knew where his office was.

The other affidavit is that of Mr. Atherton, and is devoted to showing that both Lorden and the defendant before and after the action was filed knew his address and knew that he represented the plaintiff and knew where his office was in San Diego; that he was in fact there personally during every business day since June 1, 1928, and could have been communicated with by telephone, mail or otherwise, but no representative of defendant (appellant), until after judgment in the case had been entered, communicated or attempted to communicate with him to indicate to him that defendant desired to appear or ask any extension of time; that the affidavit and notice of motion to quash service of summons were in fact served on him on August 11, 1928, but not until after the judgment had on that day been entered.

█ There is no question, of course, but that an application to set aside a default is addressed to the court's discretion, and where there is any question about what ought to have been done the action of the trial court will be sustained. Where the lower court has granted the relief sought reversals of its action in so doing are most infrequent. It is the practice, however, of appellate courts to scan more carefully denials of such relief. As was said by the Supreme Court in *O'Brien* v. *Leach,* 139 Cal. 220 [96 Am. St. Rep. 105, 72 Pac. 1004]:

"This court will usually sustain the action of the court below upon the same facts, whether that decision is for or against the motion; but it is much more disposed to affirm an order when the result is to compel a trial upon the merits than it is when the judgment by default is allowed to stand, and it appears that a substantial defense could be made. This will explain what would otherwise seem to be a conflict in the decisions."

To the same effect are *Mitchell* v. *California etc. S. S. Co.,* 156 Cal. 576, 579 [105 Pac. 590] , *Waite* v. *Southern Pac. Co.,* 192 Cal. 467, 470 [221 Pac. 204], and *Toon* v. *Pickwick Stages, Inc.,* 66 Cal. App. 450, 454 [226 Pac. 628], in each of which an order denying relief was reversed. The policy of the law favors the trial of cases on their merits. (*Nicoll* v. *Weldon,* 130 Cal. 666 [63 Pac. 63]; *Berri* v. *Rogero,* 168 Cal. 736 [145 Pac. 95]; *Gorman* v. *California Transit Co.,* 199 Cal. 246 [248 Pac. 923]; *Waybright* v. *Anderson,* 200 Cal. 374 [253 Pac. 148]; *Sofuye* v. *Pieters-Wheeler Seed Co.,* 62 Cal. App. 198 [216 Pac. 990].)

In the instant case it is quite true that we have this day sustained the action of the trial court in refusing to quash service of the summons. The question, however, as to the validity of such service was at least a sufficiently doubtful one so that appellant's attorney might very reasonably have entertained the opinion that the service would be quashed. The determination of that question by the trial court involved the decision of questions both of fact and of law. If a mistake of law is a reasonable one under the facts as they are made to appear, the neglect to file an answer because of the belief entertained, is at least excusable. (*Waite* v. *Southern Pac. Co.,* 192 Cal. 467 [221 Pac. 204].) In that case the application for relief, due to the view of the law taken by defendant's counsel, was not made until five months after the default was entered. In the case at bar it is patent that from the moment that the president and counsel of appellant corporation were notified that service had been attempted, which occurred two days after an appearance should have been made, they were taking what seemed to them, and what in the circumstances this court must hold that they had ground to believe to be, reasonable measures to protect the defendant's right to a day in court. In view of the relatively short time that elapsed between the service upon Lorden and the filing of a notice of motion to vacate the default and judgment and the presentation of the same in open court, and in view of the pendency meanwhile of the proceeding to obtain an order quashing the service of the summons, it seems to us that the case is one in which the action of the lower court cannot be sustained.

The order is reversed, with directions to the court below to enter an order vacating the default and judgment and permitting the defendant and appellant to file its answer.

Barnard, J., concurred.

Cary, P. J., deeming himself disqualified, took no part in the decision.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 10, 1930, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 6, 1930.