[L. A. No. 18835.   In Bank.   May 3, 1944.]

DAVID RISKIN, Respondent, v. WALTER TOWERS, Appellant.

Glenn A. Lane for Appellant.

Sydney M. Williams for Respondent.

CARTER, J.—On January 7, 1942, plaintiff commenced an action in the Superior Court of Los Angeles County against defendant for damages for assault and battery and false ar-

rest. According to the affidavit of service the summons was personally served on defendant in Los Angeles County on January 13, 1942. On February 4, 1942, the summons was filed with the county clerk, and pursuant to plaintiff's request the clerk entered the default of defendant. On February 10, 1942, defendant specially appeared and filed his notice of motion, hereinafter referred to as first motion, for an order vacating the service of summons, the affidavit of service, and the default entry. The motion was heard by Department 7 of the Superior Court of Los Angeles County, Judge John Gee Clark presiding, and denied on February 26, 1942. On March 10, 1942, evidence was taken in the action before Judge Emmet H. Wilson, and defendant not appearing, default judgment was entered against him. On the same day defendant filed a notice of motion under section 473 of the Code of Civil Procedure, hereinafter referred to as second motion, to vacate the default judgment and to permit defendant to answer. The motion was grounded upon mistake, inadvertence, surprise and excusable neglect. That motion was denied by Judge Swain on March 12, 1942, and the appeal now before us was taken from the order of denial and the default judgment. In support of his second motion defendant filed an affidavit of merits in which he stated that he had stated all the facts of the case to his counsel and was advised by him and believed that he had a good defense to the action. He offered a verified answer by which he raised material issues of fact. In opposition to the first motion plaintiff filed affidavits stating that after the action was commenced defendant's wife was contacted on the telephone and she stated that her husband would be home on the evening of January 13, 1942; Sanderson, the one alleged to have made the service, accompanied by plaintiff's attorney, called at the defendant's home on January 12, 1942, and talked to defendant's wife but defendant was not found; that the two persons again called at defendant's home on the evening of January 13, 1942, at which time a man answered the door and stated that he was Walter Towers (defendant) in response to an inquiry on that subject; that thereupon a copy of the summons to which was attached a copy of the complaint was handed to defendant; that on February 2, 1942, plaintiff's counsel sent a letter by registered mail to defendant, in which he stated that a default had been entered against defendant,

that he suggested that defendant have his attorney contact him and if he had allowed the time to answer to elapse through inadvertence he would cooperate with him, and that unless he heard from him in five days a default judgment would be taken. No reply to the letter was received. Defendant and his wife filed affidavits denying that any service had been made. Plaintiff's counsel filed his affidavit in opposition to the second motion in which he stated that, in addition to the foregoing claim of service on defendant and before the hearing on the first motion, outside of court, defendant denied he was Walter Towers but later admitted it in court at the hearing; that upon receiving the notice of the first motion he contacted defendant's attorney and was advised by the latter that there was no question of mistaken identity, but he believed his client's assertion that he had not been served and refused an offer to set aside the default stating he was positive the court would set aside the default; that he further told defendant's counsel that by reason of his refusal to accept the offer to set aside the default he was barring himself from relief under section 473 of the Code of Civil Procedure.

It is defendant's position that he believed that no service had been made upon him; that he proceeded diligently by the appropriate procedure, his first motion, to attack the service and default entry; that after being unsuccessful in his attack, he proceeded diligently with his second motion; that the default judgment should be set aside because his failure to appear and answer was due to his surprise and excusable neglect at the outcome of his first motion, he believing it would be successful.

As appears, defendant's first motion was based upon his assertion that no service had been made upon him, but plaintiff was successful in his claim that summons was personally served on defendant in Los Angeles County. The second motion was based on the claim that defendant "believed that no service had been made upon him" and that he did not know that it had until the court in effect said so by denying his first motion.

It is conceded, and properly so, that the question as to whether defendant had been legally served with summons was judicially determined on conflicting evidence on the first motion and is not now open to question. In determining the first motion the lower court exercised no discretion except in its judgment on the facts and the law. If defendant had not in

fact been served or the service was legally insufficient, the court should have without question set aside the service and the default entry. Its failure to so act would have been nullified on appropriate proceedings. On the other hand if the legality and fact of service were established, or there was a conflict in the evidence on the fact which was resolved by the court in favor of the plaintiff, the court should deny the motion. However, a ruling on the second motion under section 473 of the Code of Civil Procedure involved the exercise of discretion on the part of the court with reference to whether there existed the cause for vacating the default judgment specified in that section, that is, ''mistake, inadvertence, surprise or excusable neglect.'' The question is therefore whether a default judgment should be set aside under section 473 of the Code of Civil Procedure where the reason the defendant did not appear or answer is that he believed he had not been served, and pursuant to that belief, diligently attacked the service rather than apply for relief under section 473, and when unsuccessful, diligently proceeded under section 473.

Where defendant claims that he has not been served or that the service is legally insufficient, he may seek relief by making a special appearance and moving the court for an order quashing the service and setting aside the default entry. (See *Kline* v. *Beauchamp*, 29 Cal.App.2d 340 [84 P.2d 194]; *McGinn* v. *Rees*, 33 Cal.App. 291 [165 P. 52]; *Fanning* v. *Foley*, 99 Cal. 336 [33 P. 1098); *People* v. *Dodge*, 104 Cal. 487 [38 P. 203]; *Willey* v. *Benedict Co.*, 145 Cal. 601 [79 P. 270]; *Burge* v. *Justice's Court*, 11 Cal. App. 213 [104 P. 581]; *History Co.* v. *Light*, 97 Cal. 56 [31 P. 627]; *McDonald* v. *Agnew*, 122 Cal. 448 [55 P. 125]; 21 Cal.Jur. 548-50).

Certainly defendant should not be deprived of that remedy and the rights preserved by a special appearance by being forced to proceed under section 473. Hence, while defendant was proceeding thereunder he should be relieved under section 473 from a default judgment taken against him in the interim. Here defendant proceeded diligently, giving his notice of the first motion six days after the summons was returned and the entry of the default was made. In twelve days after his motion was denied and on the same day the default judgment was given, he applied for relief under section 473.

In *Roehl* v. *Texas Co.*, 107 Cal.App. 691 [291 P. 255], sum-

mons was served on a representative of a corporation, its default was entered, and a motion to quash service of summons denied. This was affirmed on appeal. Defendant also applied for relief under section 473, which was denied by the trial court, but the judgment was reversed on appeal (*Roehl* v. *Texas Co.,* 107 Cal.App. 708 [291 P. 262]), the court stating at page 714:

"In the instant case it is quite true that we have this day sustained the action of the trial court in refusing to quash service of the summons. The question, however, as to the validity of such service was at least a sufficiently doubtful one so that appellant's attorney might very reasonably have entertained the opinion that the service would be quashed. The determination of that question by the trial court involved the decision of *questions both of fact and of law.* If a mistake of law is a reasonable one under the facts as they are made to appear, the neglect to file an answer because of the belief entertained, is at least excusable. (*Waite* v. *Southern Pac. Co.,* 192 Cal. 467 [221 P. 204].) In that case the application for relief, due to the view of the law taken by defendant's counsel, was not made until five months after the default was entered. In the case at bar it is patent that from the moment that the president and counsel of appellant corporation were notified that service had been attempted, which occurred two days after an appearance should have been made, they were taking what seemed to them, and what in the circumstances this court must hold that they had ground to believe to be, reasonable measures to protect the defendant's right to a day in court. In view of the relatively short time that elapsed between the service upon Lorden and the filing of a notice of motion to vacate the default and judgment and the presentation of the same in open court, and in view of the pendency meanwhile of the proceeding to obtain an order quashing the service of the summons, it seems to us that the case is one in which the action of the lower court cannot be sustained." (Italics added.) (See, also, *Waite* v. *Southern Pac. Co.,* 192 Cal. 467 [221 P. 204].

In the instant case defendant acted diligently and as is apparent from the foregoing discussion of the affidavits, vigorously resisted the issue of whether or not he had been served. It does not appear that defendant and his counsel were not reasonably mistaken in their beliefs. Defendant's counsel in-

sisted that he believed his client and relied thereon, and was positive that the service would be quashed. Defendant squarely denied any service upon him. The fact that the court did not believe him as is evidenced by the denial of his first motion, does not require the conclusion that he did not believe that the court would believe him and quash the service. In our opinion the course which he followed in making his first motion was reasonable and proper.

█ The foregoing conclusion is further supported by the well established rules that the provisions of section 473 of the Code of Civil Procedure are to be liberally construed and sound policy favors the determination of actions on their merits. (14 Cal.Jur. 1012.) █ The discretion of the lower court in ruling upon matters under section 473 is a legal discretion, not an arbitrary one, and from the circumstances appearing we believe it is clear that the default judgment should have been set aside.

The case of *Wheat* v. *McNeill,* 111 Cal.App. 72 [295 P. 102], considered an action for equitable relief from a judgment where accident and excusable neglect were claimed rather than relief under section 473. In *Thorndyke* v. *Jenkins,* 61 Cal.App.2d 119 [142 P.2d 348], the court appeared to be of the impression that merely because the defendant was unsuccessful in his denial of the fact of service on the motion to quash service, he had misled his counsel and therefore could not obtain relief under section 473. We do not believe that conclusion follows as appears from the foregoing discussion. Furthermore, in the case at bar defendant's counsel was firmly convinced of the propriety of his client's position.

The order denying relief under section 473 of the Code of Civil Procedure is reversed and the court is directed to set aside the default judgment and permit defendant to answer.

Gibson, C. J., Shenk, J., Curtis, J., Traynor, J., and Schauer, J., concurred.

EDMONDS, J.—I cannot agree with the conclusion of my associates that the court abused its discretion in denying the motion to set aside the default judgment. For as there was evidence before the court from which it may reasonably be concluded that Towers did not act in good faith when he prosecuted the motion to set aside the service of summons

and the entry of default, under long established principles the order should be affirmed.

The trial court, in ruling on a motion under section 473 of the Code of Civil Procedure, must exercise its discretion to determine whether the default from which relief is sought was taken against the defendant "through his mistake, inadvertence, surprise or excusable neglect" and, in addition, whether the application for relief from the default was made "within a reasonable time." (Code Civ. Proc., § 473.) It is well settled that an appellate court will not set aside an order denying relief from a default judgment unless an abuse of discretion of the trial court is clearly shown. And where the trial court's ruling is based upon conflicting evidence, its determination is conclusive and the ruling will not be disturbed on appeal as an abuse of discretion although the court, in denying relief under section 473, takes the plaintiff's view of the facts. (*Alferitz* v. *Cahen,* 145 Cal. 397 [78 P. 878]; *Morton* v. *Morton,* 117 Cal. 443 [49 P. 557]; *Kearney* v. *Palmer,* 18 Cal.App. 517 [123 P. 611].) "In matters of this sort," said Mr. Justice Shaw in *O'Brien* v. *Leach,* 139 Cal. 220, 222 [72 P. 1004, 96 Am.St.Rep. 105], "the proper decision of the case rests almost entirely in the discretion of the court below, and this court will rarely interfere, and never unless it clearly appears that there has been a plain abuse of discretion." Later, in *Lang* v. *Lilley & Thurston Co.,* 164 Cal. 294 [128 P. 1026], the following language from *Ingrim* v. *Epperson,* 137 Cal. 370 [70 P. 165], was quoted with approval: "While it has been said in some cases that this discretion is better exercised when it tends to bring about a decision of the cause upon its merits, the rule itself (not to disturb an order setting aside, or refusing to set aside, a default except in clear cases of an abuse of discretion by the lower court) has never been relaxed. This observation has been in the nature of advice to the superior court, and not for the purpose of compelling it to decide in that mode."

The cases of *Waite* v. *Southern Pac. Co.,* 192 Cal. 467 [221 P. 204], and *Roehl* v. *Texas Co.,* 107 Cal.App. 708 [291 P. 262], relied upon by Towers and cited by my associates as supporting his position are not, in my opinion, authority for the present decision. In the first of them, the order upon the motion was not made upon a determination of any question of fact. "It is not questioned," said this court in considering the ruling, "that defendant was at all times acting in the

honest belief that the federal court alone had jurisdiction, and that plaintiffs knew that it was for this reason that defendant did not file an answer in the state court." (p. 469.) Following this statement, correspondence is quoted showing that counsel for the railroad company were of the opinion that the state court had no jurisdiction and asked that notice be given when its default was entered in order that they might be informed as to the progress of the matter. All of the evidence which was presented in connection with the ruling upon the motion showed, as this court pointed out, that the defendant railroad company "was acting upon its honest belief that the state court had no jurisdiction of the action." (p. 471.) And although, as one of the grounds for the decision upon appeal it was said that in a proper case relief may be obtained from a default judgment entered by reason of defendant's mistake of law, the record, as summarized by this court, shows no evidence contradicting the defendant's statement of the reasons it relied upon in support of the motion. Under these circumstances, it is apparent that the trial court denied the motion upon uncontroverted evidence showing that the railroad company in good faith and with the full knowledge of the attorneys who were opposing the removal proceeding, declined to answer the plaintiff's complaint upon the advice of its counsel that the federal court had assumed jurisdiction of the action and for that reason, did not appear. And upon the appeal from the order considered in *Roehl* v. *Texas Co., supra,* it was said that the determination of the motion by the trial court "involved the decision of questions both of fact and of law." By neither of these decisions did this court reverse a determination by the trial judge concerning a question of fact based upon conflicting evidence.

In the present case, Towers gave notice that he would move the court for an order setting aside the default which had been entered and permitting the defendant's answer to be filed. As grounds for the motion the appellant stated that the default was entered "through mistake, inadvertence, surprise and excusable neglect of defendant and by reason of the fact that . . . [he] believed that no service had been made upon him of any summons or complaint . . . and that not until February 26, 1942 [the date when his motion to set aside service of summons was denied], did he know that service had been made upon him. . . ." According to this

notice, the motion would be based upon it, the affidavit of merits made by him, the proposed verified answer, "and upon all the other records and files in the above entitled cause." In a counter affidavit, Sydney M. Williams, counsel for the respondent, declared that on January 13, 1942, he saw Towers served with the summons and complaint. In this affidavit, Williams also stated facts tending to prove that Towers had full knowledge of all of the steps taken in the action being prosecuted against him and that he had not in good faith proceeded in such a manner as to be entitled to relief under section 473 of the Code of Civil Procedure.

It is significant that the notice of motion does not state, as one of its grounds, that Towers had not been served with process, but only that he "believed" no service had been made upon him. Nor did he present any affidavit in this regard. True, he said that the motion would be based upon all the records and files in the action. But assuming that, by such reference, the affidavits presented to the court in connection with the motion to set aside the service were a part of the evidence which the court was entitled to and did consider in ruling upon the motion to set aside the default, they only added more directly contradictory statements concerning the asserted occurrences on January 13, 1942, when it is claimed that Towers was served. Moreover, the records and files include a minute order reciting that the prior motion was heard upon the testimony of Towers, his wife, and Williams, and was denied.

To me, the conclusion is inescapable that upon the motion to set aside the default and permit the answer of Towers to be filed, the trial judge was required to determine, upon the evidence then submitted to him, an issue of fact and that his order, based upon conflicting evidence, is beyond the reach of an appellate court. For these reasons, in my opinion, the order should be affirmed.